UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON PAUL CHESTER,

            Plaintiff,

    v.

UNIVERSITY OF WASHINGTON et al.,

            Defendants.

CASE NO. C11-5937 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This matter comes before the Court on Jason Paul Chester's ("Chester") motion for sanctions (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 8, 2012, Chester filed the instant motion for sanctions against attorney Jayne L. Freeman ("Freeman"), counsel for Defendants. Dkt. 28. On June 25, 2012, Defendants filed a response to Chester's motion. Dkt. 45. On June 25, 2012, Chester filed a reply to Defendants' response. Dkt. 45.

On August 21, 2012, the Court denied Chester's motion for attorney's fees and granted in part and denied in part Defendants motion to dismiss. Dkt. 52.

## II. DISCUSSION

Chester claims that he is requesting sanctions against defense attorney Freeman for creating unnecessary delay, perpetrating criminal fraud in the motion filed, and attempting to impede justice. Dkt. 28 at 1. Specifically, Chester alleges that Defendants' motion to dismiss is unwarranted because he has pled sufficiently specific facts; the motion contains "mere recitations of the law;" it also contains "copyrighted material" (presumably, Chester refers to Defendants' citations to case law), which he claims constitutes copyright infringement; the Defendants did not file a notice with the motion, which constitutes "unfair surprise;" no affidavit was filed with Defendants' motion to dismiss, so there is no evidentiary support for the motion; Eleventh Amendment immunity is improperly raised; and the Defendants' citation to cases that are unrelated to the propositions for which they were cited is a "scheme" to "mislead," which Chester maintains is statutory fraud.

Defendants' response (Dkt. 45) is a response to both Chester's motion for sanctions (Dkt. 28) and his motion for contempt and sanctions (Dkt. 31).[1] Defendants maintain that ever since they filed their motion to dismiss (Dkt. 21), Chester "has suddenly and inexplicably filed numerous collateral motions, objections, and notes

---

[1] The majority of Defendants' response is dedicated to responding to Chester's second motion for contempt and sanctions (Dkt. 31). The Court rules on the two motions separately, as the instant motion focuses solely on Defendants' earlier motion to dismiss, on which the Court has already ruled.

alleging misconduct of counsel." Dkt. 45 at 2 (citations to other filings omitted). Defendants further respond that Chester's instant motion is non-sensical; he has been afforded an opportunity to respond in opposition to the merits of the motion; and defendants have not engaged in sanctionable conduct.

The Court has granted in part and denied in part Defendants' motion to dismiss. Dkt. 52. In doing so, the Court has examined its form and content, including its arguments and legal support. Chester's response to Defendants' motion to dismiss has also been considered. Additionally, after reviewing Chester's current motion, the Court finds that Chester's grounds for seeking sanctions against Defendants, for filing their motion to dismiss or for that motion's content, are entirely without merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that Chester's motion for sanctions is **DENIED**.

Dated this 21st day of August, 2012.

BENJAMIN H. SETTLE
United States District Judge