UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON PAUL CHESTER,

               Plaintiff,

      v.

UNIVERSITY OF WASHINGTON et al.,

               Defendants.

CASE NO. C11-5937 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR CONTEMPT AND
SANCTIONS AND DENYING
DEFENDANTS' MOTION FOR
SANCTIONS

This matter comes before the Court on Jason Paul Chester's ("Chester") motion

for contempt and sanctions (Dkt. 31).   For the reasons stated herein, the Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion.

## I. PROCEDURAL HISTORY

On May 17, 2012, the University of Washington and individually named

Defendants filed a motion to dismiss Chester's 42 U.S.C. § 1983 claims and all claims

against individual Defendants.  Dkt. 21.  On May 26, 2012, Chester filed a response in

opposition to Defendants' motion.  Dkt. 23.  In his motion, he made a request for attorney

1  fees. *Id.* On June 8, 2012, the Defendants filed a reply. Dkt. 27. On June 19, 2012,

2  Chester filed an amended complaint entitled First "Amended" Complaint (Dkt. 42),

3  alleging breach of contract and causes of action under the ADA, RA, Washington Law

4  Against Discrimination, and 42 U.S.C. § 1983 claims based on alleged violations of the

5  Sixth Amendment.

6          After the Defendants filed their motion to dismiss, Chester filed numerous

7  documents with Court, unrelated to the merits of this underlying civil action. *See, e.g.,*

8  Dkts. 34, 35, 37, 40, 41, and 50.

9          On June 8, 2012, Chester filed the instant motion for sanctions against attorney

10  Jayne L. Freeman ("Freeman"), counsel for Defendants. Dkt. 28. On June 10, 2012,

11  Chester filed another motion, this time for contempt and sanctions against Defendants for

12  allegedly violating the minute order and illegally withholding evidence. Dkt. 31 at 1. On

13  June 25, 2012, Defendants filed a response to both of Chester's motions. Dkt. 45. On

14  June 25, 2012, Chester filed a reply to Defendants' response, responding in large part to

15  Defendants' arguments against Chester's motion for contempt and sanctions (Dkt. 31).

16  Dkt. 47.

17          On August 21, 2012, the Court denied Chester's motion for attorney fees and

18  granted in part and denied in part Defendants' motion to dismiss. Dkt. 52. On August

19  21, 2012, the Court denied Chester's motion for sanctions based on Defendants' motion

20  to dismiss. Dkt. 53.

21

22

## II. FACTUAL BACKGROUND

On April 26, 2012, in response to Chester's requests for production, Defendants sent a disk with electronic documents in conjunction with their initial disclosures via regular and certified mail.  Dkt. 46 at 5 and 21-22 (Declaration of Freeman).  On April 26, 2012, Deanne Nylund ("Nylund"), legal assistant to attorney Jayne Freeman, emailed Chester to let him know the aforementioned were mailed and would arrive by certified mail.  *Id*. at 15.  The same day Chester emailed Nylund indicating that he had sent his initial disclosures.  *Id*. at 16.

On May 26, 2012, although most of the responses to Chester's requests for production were on the disk, Defendants supplemented their responses to Chester's requests for production and indicated there would be some additional supplements.  Dkt. 46 at 2.  Until June 10, 2012 (a Sunday), when Chester filed the instant motion for contempt and sanctions, Ms. Freeman was "not aware that Mr. Chester claimed he had not received the computer disk with the documents on it.  Since the U.S. Mail had not been returned, [she] assumed he had received the disk." *Id*.

After the weekend, Ms. Freeman's staff informed her that the responses with the disk sent to Chester by certified mail had been returned.  *Id*.  Chester never emailed or otherwise communicated with Ms. Freeman to indicate that he had not received the documents, although her office had previously communicated with him by email.  *Id*.  On June 13, 2012, Freeman contacted Chester by email asking him to verify they were mailing him information at the correct address.  *Id.*  Freeman also "offered to resend the … documents via an internet document sharing service, 'YouU-Send-It.'" *Id*.

1   According to Freeman, Chester merely responded with accusations that she was

2   unethical.  *Id.*  However, on June 14, 2012, Freeman's office resent the electronically

3   stored documents to Chester via U.S. Mail (another disk) and via the internet-based

4   program.  *Id.*  On June 19, 2012, Chester verified that he received the disk.  *Id.*

5   ### III. DISCUSSION

6       Chester's motion for contempt and sanctions centers on allegations that

7   Defendants violated the Court's minute order.  Dkt. 31 at 2.  Specifically, Chester claims

8   he failed to receive initial discovery, specifically the disk with what Chester contends has

9   relevant, critical, electronically stored information.  Dkt. 31 at 2.  Ultimately, Chester

10  claims that Defendants' and Defendants' attorney's alleged failure to produce this

11  information demonstrates that they did not make a good faith effort to comply with the

12  minute order for initial discovery and warrants contempt against both Defendants and

13  their attorney.  *Id.*

14      Defendants ask the Court to deny Chester's motion.  Dkt. 45 at 1.  They also

15  request the Court award Defendants reasonable attorney fees incurred for having to

16  respond to the motion.  *Id.*  Alternatively, Defendants request at least an admonition to

17  Chester to deter him from "a continued barrage of meritless motions and court filings

18  unrelated to underlying claims."  Dkt. 45 at 6.

19  **A.     Legal Standards**

20      Fed. R. Civ. P. ("Rule") 37(a)(1) requires that a party seeking discovery

21  certify that he or she has made a good faith effort to confer or attempt "to confer with a

22  party failing to make a disclosure in an effort to obtain it without court action."

1   Additionally, Rule 37(a)(3) indicates that "if a party fails to make a disclosure required

2   by Rule 26(a), any other party may move to compel disclosure and for appropriate

3   sanctions."   Pursuant to Rule 37(b)(2), the Court may grant sanctions where a party fails

4   to obey a court order to provide or permit discovery.

5   **B.   Analysis**

6          In this case, Chester submits no persuasive evidence that he followed Rule

7   37(a)(1) by certifying that he made a good faith effort to confer or attempt to confer with

8   the Defendants regarding their alleged failure to produce the disk before Chester filed his

9   motion for contempt and sanctions.  In fact, evidence exists to the contrary.

10          The minute order requires parties to make initial disclosures by April 26, 2012.  In

11   this case, Defendants made good faith attempts to produce the initial disclosures in a

12   timely manner and provide Chester notice of the need to supplement.  Chester never

13   contacted Defendants' attorney to let her know that he was not in receipt of the

14   disclosures, failing to meet the standard in Rule 37(a)(1) requiring him to confer in good

15   faith.  Instead, he simply filed his motion for contempt and sanctions.  Furthermore, once

16   Freeman became aware that Chester had not received the documents requested, she sent

17   them by two means, and Chester received them.

18          The Court does not find that the Defendants' and their attorney's conduct were an

19   attempt to deprive Chester of justice, as he claims, nor to flout the authority of this

20   Court's minute order.  The Court also reminds Chester that before he files a motion, he

21   should ensure he has complied the Civil Rules, i.e. Rule 37(a)(1)'s requirement to confer

22   in good faith with the other party and, at the time of filing pursuant to Rule 37, certify

1  compliance with it.  Additionally, the Court cautions Chester to avoid filing motions,

2  objections and notices or requests with the Court which are clearly without merit or have

3  no bearing on the underlying facts and issues of this case.

4                                      **IV. ORDER**

5          Therefore, it is hereby **ORDERED** that Chester's motion for contempt and

6  sanctions is **DENIED** (Dkt. 31).  Defendant's motion for attorney fees is **DENIED** (Dkt.

7  45).

8          Dated this 22nd day of August, 2012.

9

10

11                                      BENJAMIN H. SETTLE
                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22